FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 99 MAY 18 PM 12: 52
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BERTIE DARLENE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-99-AR-0744-M |
| | ) | |
| GREATER GADSDEN HOUSING | ) | |
| AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED

MAY 18 1999

**MEMORANDUM OPINION**

Presently before the court is a "Motion for Award of
Attorneys' Fees to Plaintiff," filed by plaintiff on May 7, 1999.
After trial on the merits, this court entered judgment in favor
of plaintiff, finding that defendants had violated 42 U.S.C. §
1983 by depriving plaintiff of due process in the termination of
her federal housing subsidy.  The present motion seeks attorneys
fees, as a prevailing plaintiff, under 42 U.S.C. § 1988.
Defendants oppose the motion with regard to both the hours
claimed by plaintiff's counsel and the hourly billing rate
requested.  For the reasons set out below, the court determines
that the motion is due to be granted.

Based upon the court's review of the pleadings, the trial
record, and the documents and affidavits submitted in support of
or opposition to the motion, the court finds that the number of
hours expended in preparation and prosecution of Martin's action

by attorneys Strawn and Knowles is reasonable under the
circumstances.  Despite defendants' contention, it is not
unreasonable that plaintiff's counsel expended nearly twice as
many hours as did defendants' counsel.  Even if defendants'
counsel had worked twice as long as plaintiff's counsel, the
facts of the case could not have been changed, and as a result,
the outcome of the trial would not have been different.  No
amount of preparation could have produced a winning legal
argument for defendants, given the circumstances.  Defendants'
counsel was therefore wise not to waste his clients' time and
money.  On the other hand, plaintiff's counsel was wise to spend
more time on this case, as their efforts resulted in thorough,
persuasive pleadings and effective, persuasive trial
presentation.  Even their greater expenditure of time amounted to
only 30.5 hours.  Having reviewed the itemized listing of hours
worked by plaintiff's counsel for each discrete task of research,
writing, preparation for trial, and actual trial, the court finds
that this amount of time is not excessive under the
circumstances.  Accordingly, the attorney fees ultimately awarded
to plaintiff will be based upon 30.5 billable hours, which
include 27 hours by attorney Strawn and 3.5 hours by attorney
Knowles.

        The appropriate hourly rate is also in dispute.  Attorney
Strawn represents to the court that his "base" fee is $180 per
hour, but he requests an enhanced hourly rate of $200.  As

grounds for the proposed enhanced rate, plaintiff argues that
there are a limited number of qualified attorneys in North
Alabama who are willing to take such housing rights cases, that
attorney Strawn produced excellent results, that the law of this
case was relatively complex, that cases of this nature have
little prospect for large recoveries, and that there is a "need
to ensure that qualified attorneys are willing to represent
Plaintiffs in such otherwise unprofitable cases."  Plaintiff
describes her case, and others like it, as relatively
"undesirable," because attorney fees are not only contingent upon
success at trial, but also upon approval by the court, and
because of the relative complexity of federal housing law.  In
the present action, plaintiff's counsel was also required to
prepare pleadings on an expedited basis, due to imminent danger
that plaintiff and her family might be evicted from their home.
Plaintiff argues that, absent an enhanced fee in this case,
attorneys will not have enough incentive to represent similarly
situated clients.  Attorney Knowles, who assisted Strawn for only
a few hours, seeks lesser fees at an hourly rate of $125.
Plaintiff has submitted the affidavit of George C. Longshore, a
disinterested attorney in Birmingham, in support of her claim
that these hourly rates are within the range of prevailing market
rates in similar litigation for attorneys of similar experience,
knowledge, skill and training.  Defendants contest these hourly
rates, claiming that the "prevailing market rates in the relevant

legal community... is between $85 and $95 per hour."   Defendants
also support their contention by affidavit of a disinterested
attorney, George Ford of Birmingham.[1]

The large discrepancy between the parties' assessment of the
reasonable fee rates is probably due to their differing
definitions of the relevant "market" from which to estimate the
prevailing market rate.   Defendants contend that prevailing rates
in the City of Gadsden, Alabama form the appropriate standard.
However, the affidavit of George Ford, submitted by defendants in
support of their arguments, states that his assessment of
reasonable rates is based upon his experience "in Gadsden and in
Birmingham, and in the Northern District of Alabama."
Furthermore, Ford's affidavit does not contend that the hourly
rates claimed by plaintiff's counsel fall outside the range of
prevailing market rates.   Instead, Ford attests only that "a rate
of $95.00 per hour is reasonable" for similar attorneys in
similar litigation.   Plaintiff, like Ford but unlike defendants,

---

[1] Mr. Ford's affidavit was faxed to the court's chambers, as was
defendants' brief.   Leave to deviate from the normal filing rigors was neither
requested by defendants nor granted by this court.   Because the original
version of Ford's affidavit has not been filed with the Clerk, only a copy
presently exists before the court, which cannot be filed as evidence.   As
such, there is technically no evidence before the court to support defendants'
contention that the prevailing market rate is substantially lower than
plaintiff contends.   However, because the existence or non-existence of this
evidence does not alter the ultimate disposition of the present motion, the
court will analyze the issue as though defendants have provided evidence to
undergird their opposition.   In other words, the court will proceed as if
Ford's motion had been filed.   The record, however, will not contain the
affidavit.

assumes that the appropriate standard is the prevailing market
rate charged by other counsel of similar experience, knowledge,
skill, and training in similar litigation throughout the entire
Northern District of Alabama.

　　　Without determining its precise contours and boundaries,
this court finds that the relevant legal community, for purposes
of determining the prevailing market rate, embraces more than the
City of Gadsden, contrary to defendants' argument.  Gadsden is
not located so far from Birmingham that attorneys from both
places cannot practice in either place.  Indeed, most cases
before this court which originate in Gadsden are tried in
Birmingham.  At the very least, attorneys practicing before this
court from Gadsden, Birmingham, or anywhere in between form
portions of the relevant legal community.  On the basis of this
finding, and in consideration of the affidavits submitted by the
parties, the court is satisfied that the prevailing market rate
for attorney fees, in similar cases and for attorneys of similar
experience and skill, etc., encompasses a range from $85-$200.

　　　Attorney Strawn attests that he receives a base hourly rate
of $180 per hour, which is within the range of prevailing market
rates.  This court is not persuaded that an enhanced hourly rate
is appropriate for the present litigation, because this court
disagrees with plaintiff's characterization of her case as
"undesirable."  Given the factual background of this particular
case, a prospective plaintiff's attorney should have recognized

the substantial likelihood of success on the merits and the limited number of hours required for adequate preparation.  This court finds that the relative complexity of the legal issues is already reflected in the number of billable hours allowed.  If, due to their superior expertise, plaintiff's counsel required fewer hours to complete these tasks than other lawyers of less skill might have required, such expertise is already reflected in their hourly rates, which are at the upper end of the range of prevailing market rates.  In short, this court believes that no upward adjustment of Strawn's or Knowles' base rate is necessary to provide them, or others like them, with sufficient incentive to undertake representation of similar cases in the future.

Having determined that plaintiff shall be allowed to claim attorney fees for 27 hours of work by Strawn, at an hourly rate of $180, and for 3.5 hours of work by Knowles, at an hourly rate of $125, the court now applies the simple "lodestar" approach by multiplying the hours worked by the appropriate rate as follows:

| Attorney | Hours Worked | Hourly Rate | Total Fee |
|----------|--------------|-------------|-----------|
| Strawn | 27.0 | $180 | $4860.00 |
| Knowles | 3.5 | $125 | $437.50 |
| Total Fee for Both Attorneys | | | $5297.50 |

Accordingly, this court determines that plaintiff's motion for award of attorneys' fees is due to be granted, and plaintiff

is entitled to recover from defendants fees in the amount of $5297.50.  A separate and appropriate order will be entered.

DONE this 18th day of May, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE